# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3073 | **DATE** | 12/23/2002 |
| **CASE TITLE** | Daniels, et al. vs. Blount Parrish & Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting plaintiffs' motion for class certification. A class is certified consisting of those persons described in plaintiffs' motion. Discovery is ordered closed on 6/30/03. Any dispositive motion shall be filed by 7/30/03. If no motion is filed, pretrial order will be due by 7/30/03; and response to any motions in limine by 8/13/03. Pretrial conference set for 9/10/03 at 4:00 p.m. Trial set for 9/29/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | DEC 2 4 2002 date docketed | 41 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | 02 DEC 23 PM 5: 28 | 12/23/2002 date mailed notice |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ6 mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 2 4 2002

FRANCIS V. DANIELS, and all others similarly situated,

    Plaintiffs,

v.

BLOUNT PARRISH & CO., INC.,

    Defendant.

No. 01 C 3073

## MEMORANDUM OPINION AND ORDER

Plaintiff Francis V. Daniels sued defendant Blount Parrish & Co., Inc. ("Blount"), alleging that in underwriting the issuance of bonds for the city of Wood River, Illinois, Blount prepared and/or reviewed a prospectus containing material misrepresentations and omissions in violation of sections 12(a) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77l(a), 77o ("Securities Act"). The bonds were allegedly issued for the purpose of providing a portion of the funds to finance the acquisition, construction, and equipping of a tile manufacturing facility. Plaintiff Johannes E. Von Mecklenburg filed a motion to intervene, which was granted as unopposed. Plaintiffs now file a motion to certify a class encompassing all persons who purchased or otherwise acquired the bonds. I grant the motion.

I. Class Certification under Rule 23

In order to certify a class, I must determine that the four prerequisites of Fed. R. Civ. P. 23(a) are met, and that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2), or (3). The four prerequisites of Rule 23(a) are that (1) the proposed class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. With respect to Rule 23(b), plaintiffs here proceed under 23(b)(3), which requires that the common questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

A. Numerosity and Commonality

While it is plaintiffs' burden to show that the proposed class satisfies all the requirements of Rule 23, *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984), Blount does not challenge plaintiffs' assertions that the numerosity and commonality requirements are met. Here, plaintiffs estimate, based on the Indenture Trustee's mailing list, that the class contains three hundred geographically dispersed members. This is sufficient to satisfy the numerosity requirement. *See In re: Bank One Sec.*

2

*Litig./First Chicago S'holder Claims,* No. 00 CV 0767, 2002 WL 989454, at *3 (N.D. Ill. May 14, 2002) (Andersen, J.) ("Courts in this district have granted class certification to groups smaller than 30."). The commonality requirement is generally satisfied by "a common nucleus of operative fact." *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998). Here, common questions of law and fact revolve around Blount's preparation and/or review of the prospectus, namely whether the prospectus misrepresented or omitted material facts and whether Blount is liable for any such misrepresentations or omissions. This is sufficient to satisfy the commonality requirement. *See Swanson v. Wabash, Inc.,* 577 F. Supp. 1308, 1323 (N.D. Ill. 1983) (Aspen, J.) (holding that common questions of whether defendants made material misstatements and omissions of fact in connection with a tender offer and whether defendants' other activities constituted violations of securities laws satisfied commonality requirement).

B. Typicality and Adequacy

While not contesting that the numerosity and commonality requirements are met, Blount does contest whether Daniels and Von Mecklenburg are appropriate lead plaintiffs.[1] Blount argues that

---

[1] While Blount frequently refers to "standing" in its brief, it does not appear to be challenging the Article III standing of Mr. Daniels or Mr. Von Mecklenburg to bring suit, which requires injury, a causal link to defendant's conduct, and the ability to be redressed by a favorable decision. *Sierakowski v. Ryan,* 223 F.3d 440, 442-43 (7th Cir. 2000). In any event, such a challenge would more properly be brought in a motion to dismiss or a motion for

plaintiffs are "not adequate class representatives" (Def.'s Resp. to Pl.'s Mot. for Class Certification at 4), but it makes arguments that address both the adequacy and typicality requirements of Rule 23. I will therefore address these two prongs together. *See Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1157 (7th Cir. 1999) ("The [typicality requirement] is really an aspect of the [adequacy requirement]."). Blount makes three arguments why Mr. Daniels and Mr. Von Mecklenburg are inadequate plaintiffs. First, it argues that neither plaintiff bought bonds directly from Blount, as required by section 12 of the Securities Act. Second, it argues that the bonds purchased by Mr. Daniels are not covered by section 12 of the Securities Act. Third, it argues that Mr. Von Mecklenburg has no personal stake in the litigation.[2]

Plaintiffs argue that it is improper for me to consider the merits of their claims when ruling on a motion for class certification. However, when ruling on such a motion, I should make whatever legal and factual inquiries are necessary to

---

summary judgment. I thus consider Blount's standing arguments only to the extent they impact the Rule 23 class certification inquiry. *See Scholes v. Tomlinson*, 145 F.R.D. 485, 489, 490 n.4 (N.D. Ill. 1992) (Alesia, J.) (addressing defendants' lack of standing argument only as an attack on the adequate representation prong of Rule 23(a)(4)).

[2] Blount also argues that because there is no liability under section 12, there can be no liability under section 15, which holds "controlling persons" liable to the same extent as the persons they control are liable under section 12. Because I do not decide at this point that there is no section 12 liability, I need not address Blount's section 15 argument.

4

determine whether the Rule 23 requirements are met. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). The strength or weakness of a plaintiff's claims weighs in the Rule 23(a)(4) analysis of adequacy of representation. *See Robinson*, 167 F.3d at 1157 ("One whose own claim is a loser from the start knows that he has nothing to gain from the victory of the class, and so he has little incentive to assist or cooperate in the litigation."). Thus, I may make at least a limited inquiry into the merits of plaintiffs' claims to determine whether plaintiffs can adequately represent the class.

1.

Section 12(a)(2) of the Securities Act indicates that "[a]ny person who offers or sells a security . . . by means of a prospectus . . . which includes an untrue statement of a material fact or omits to state a material fact . . . shall be liable . . . to the person purchasing such security from him." Blount argues that because plaintiffs purchased the bonds from brokers, not Blount, they have no claim under section 12(a)(2) against Blount and are therefore not proper representatives of the proposed class. Blount reads a privity requirement into the language of section 12(a)(2). While in the past, the Seventh Circuit had indicated that "the statute explicitly requires privity between plaintiff-purchaser and defendant-seller," *Sanders v. John Nuveen & Co., Inc.*, 619 F.2d 1222, 1226 (7th Cir. 1980), it later revised that

5

view, noting that "[t]he language in *Pinter v. Dahl* [486 U.S. 622 (1988)], coupled with prevailing federal case law in other circuits, seems to undermine the continuing viability of the strict privity concept under section 12[(a)](2)." *Schlifke v. Seafirst, Corp.*, 866 F.2d 935, 940 (7th Cir. 1989). In *Schlifke*, the court declined to set out the appropriate test to use, noting that defendant bank was not liable under either the strict privity test or more liberal tests because, among other things, the bank had not participated in the preparation of the prospectus. *Id.* at 940-41. At least one court has held that underwriters can be liable under section 12(a)(2) if plaintiffs produce sufficient evidence of the underwriters' "actual participation in sales activity." *Miller v. New America High Income Fund*, 755 F. Supp. 1099, 1105 (D. Mass. 1991). Because this circuit has questioned the vitality of the strict privity requirement, and in doing so has implied that participation in preparation of a prospectus may create liability under more liberal tests, the fact that plaintiffs here may not be in direct privity with Blount does not mean that they have no claim against it under section 12(a)(2). Plaintiffs allegedly purchased bonds for which Blount allegedly prepared and/or reviewed a misleading prospectus. They seek to represent the class of people who purchased or otherwise acquired the bonds. Absent some other obstacle, plaintiffs are adequate representatives of the class and their claims are typical of other class members. The fact that

6

there may be individual questions about which of the class members (including Mr. Daniels and Mr. Von Mecklenburg) have claims against Blount based on a determination of the contours of the section 12(a)(2) privity requirement and on how each class member acquired his or her bonds does not justify denial of class certification. *See Keele,* 149 F.3d at 594 ("[F]actual variations among class members' grievances do not defeat a class action.").

2.

Blount also argues that the particular bonds purchased by Mr. Daniels are not covered by section 12(a)(2) of the Securities Act, and thus Mr. Daniels has no claim against Blount and is not an appropriate class representative. Mr. Daniels purchased Series 1998A Bonds. (Am. Compl. ¶ 4.) Section 12(a)(2) does not cover securities exempted from coverage by section 3(a)(2) of the Securities Act. Section 3(a)(2) exempts from coverage "[a]ny security issued . . . by any political subdivision of a State" as well as

> any security which is an industrial development bond (as defined in section 103(c)(2) of Title 26) the interest on which is excludable from gross income under section 103(a)(1) of Title 26 if, by reason of the application of paragraph (4) or (6) of section 103(c) of Title 26 (determined as if paragraphs (4)(A), (5), and (7) were not included in such section 103(c)), paragraph (1) of such section 103(c) does not apply to such security.

Section 103 of Title 26 was significantly amended in 1986. Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat 2085. The references in the Securities Act to Title 26 are no longer correct.

There is no definition of industrial development bond in section 103(c)(2), nor are there sections numbered 103(a)(1) or 104(c)(4)-(7) to determine whether interest on such bonds is excludable from gross income. Blount, at this point, has simply not shown that the Series 1998A Bonds are industrial development (or any other type of) bonds that fall within the exempted securities provision of the Securities Act. Thus, I cannot say that Mr. Daniels' position "is a loser from the start" such that he is an inadequate representative of the proposed class. *Robinson*, 167 F.3d at 1157. Mr. Daniels' claims are typical of the claims of all other Series 1998A bondholders. The claims will succeed or fail together, and Mr. Daniels is an adequate and typical representative of those claims. To the extent that the proposed class includes members who hold bonds other than Series 1998A, if it later becomes apparent that those bondholders' interests diverge from those of the Series 1998A bondholders', I can certify subclasses under Rule 23(c)(4)(B). *See* Fed. R. Civ. P. 23(c)(1) ("An order [certifying a class] may be conditional, and may be altered or amended before the decision on the merits.").

3.

Blount argues that Mr. Von Mecklenburg is an inadequate plaintiff because he purchased the bonds for an acquaintance with that person's money, and thus has no personal stake in the litigation. Mr. Von Mecklenburg asserts that he is the legal agent

for his acquaintance, Jacoba Schryver, who has authorized the filing of this lawsuit. While Ms. Schryver may be a member of the proposed class, and Mr. Von Mecklenburg may be her agent, he cites no authority for the proposition that an agent may serve as a named plaintiff in a class action on behalf of his principal. Mr. Von Mecklenburg references a section of Herbert B. Newburg & Alba Conte, Newburg on Class Actions § 3.34 (3d ed.1992) discussing trustees and fiduciaries serving as named plaintiffs on behalf of their beneficiaries, but he does not allege that he is Ms. Schryver's trustee or fiduciary, and an agency relationship is not the same thing as a fiduciary relationship. If Ms. Schryver wished to be a named plaintiff in this lawsuit, she should have sought to do so herself (or through counsel). Mr. Von Mecklenburg's only apparent connection to the proposed class is that he was allegedly authorized by a potential class member to pursue this litigation on her behalf. As a result, Mr. Von Mecklenburg is not an adequate representative of the class, and he will not be named a lead plaintiff. *See Foster v. Center Township*, 798 F.2d 237, 244 (7th Cir. 1986) ("It is, of course, axiomatic that the named representative of a class must be a member of that class.") (citing *Bailey v. Patterson*, 369 U.S. 31 (1962)).

C. Predomination and Superiority

While Mr. Von Mecklenburg is not an appropriate lead plaintiff, Mr. Daniels is, and the class may thus be certified if

9

it is maintainable under Rule 23(b)(1), (2), or (3). Here, plaintiffs proceed under 23(b)(3) which requires that the common questions of law or fact predominate over any questions affecting individual class members, and that a class action is superior to other available methods for adjudication of the controversy. Blount does not address the Rule 23(b)(3) requirements, and I find that the common issues discussed above predominate, and that using the class action device is the best way to proceed in adjudicating this controversy. *See Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 WL 1989401, at *4 (N.D. Ill. Aug. 27, 2002) (Hart, J.) ("[S]ecurities cases often are particularly well-suited for class action procedures.").

## II. Conclusion

Plaintiffs' motion for class certification is GRANTED. A class is certified consisting of those persons described in plaintiffs' motion:

> All persons who purchased, or otherwise acquired through action of law, City of Wood River, Madison County, Illinois, Resource Recovery Revenue Bonds Series 1998A and Taxable Resource Recovery Revenue Bonds, Series 1998B (Enviro-Tile of Wood River, Inc. Project). Excluded from the Class are the defendants, any entity in which the defendant has a controlling interest or which is a parent, subsidiary or affiliate of, or is controlled by, the defendants, and the partners, shareholders, officers, directors, employees, affiliates, agents, legal representatives, heirs, predecessors, successors and assigns of the defendant.

ENTER ORDER:

*Elaine E. Buckle*
**Elaine E. Bucklo**
United States District Judge

Dated: December 23, 2002