Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3073 | **DATE** | 3/3/2004 |
| **CASE TITLE** | Daniels, et al. vs. Blount Parrish & Company, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment (53-1) is granted and plaintiff's motion for summary judgment (56-1) is denied. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 4 2004 | 77 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | GMA | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/3/2004 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ6 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | | |
|---|---|---|---|
| FRANCIS C. DANIELS, and all others similarly situated, | ) ) ) | | |
| Plaintiffs, | ) ) ) | | |
| v. | ) ) | No. 01 C 3073 | **DOCKETED** |
| BLOUNT PARRISH & COMPANY, INC, an Alabama corporation, | ) ) ) ) | | MAR 0 4 2004 |
| Defendant. | ) | | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Francis V. Daniels filed a two-count class action complaint against defendant, Blount Parrish & Company ("Blount") alleging violations of §§ 12 and 15 of the Securities Act of 1933. This court certified a class of bondholders. Both parties seek summary judgment. I grant Blount's motion for summary judgment and deny Mr. Daniels' motion for summary judgment.

I.

Mr. Daniels represents a class of individuals who purchased bonds from Blount, an Alabama corporation. The bonds were issued by the City of Wood River, Illinois ("Wood River"); Blount served as the underwriter for the bonds. The bonds were issued to fund a tile manufacturing facility project which was to be constructed in an existing industrial park in Wood River. The facility was to be leased to Enviro-Tile of Wood River, Inc., an Illinois corporation. Mr. Daniels alleges that the bonds were sold pursuant to a

77

misleading prospectus and claims Blount has violated §§ 12 and 15 of the Securities Act of 1933.

II.

Summary judgment is proper when there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). I may consider the pleadings, depositions, answers to interrogatories, admissions, and affidavits when considering if a genuine issue of material fact exists. *Id.* Further, I "construe all facts in the light most favorable to the nonmoving party and draw all reasonable and justifiable inferences in that party's favor." *Id.*

A.

In Count I, Mr. Daniels alleges that Blount violated § 12 of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2). To sustain a claim, Mr. Daniels must show that (1) Blount offered or sold a security; (2) through interstate commerce or the mails; (3) using a prospectus; (4) that contains a material misrepresentation or omission of a material fact. 15 U.S.C. § 77l(a)(2). If Mr. Daniels is able to prove all four elements, he may recover the consideration paid for the securities. *Id.*

Mr. Daniels must first show that Blount offered or sold a security; that is, that Blount was a "seller" for purposes of § 12.

2

At one time, the Seventh Circuit required strict privity between buyer and seller for liability to attach under § 12. *Sanders v. John Nuveen & Co.*, 619 F.2d 1222, 1226 (7th Cir. 1980). However, in response to *Pinter v. Dahl*, 486 U.S. 622 (1988), the Seventh Circuit held that the category of "seller" includes those who "successfully solicit[] the purchase, motivated at least in part by a desire to serve [their] own financial interests or those of the securities owner." *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 940 (7th Cir. 1989) (citing *Pinter*, 486 U.S. at 647).

The evidence before me demonstrates that Blount did not sell the securities at question directly to Mr. Daniel or other class plaintiffs.[1] Further, there is no evidence that Blount retained a financial interest in the securities after their sale to various dealers. The undisputed evidence shows that Blount instead sold the securities to dealers, who in turn sold the securities to other parties (including the plaintiffs). Both parties have submitted confirmation slips showing the sale of the securities from Wood River to Blount, and from Blount to the various dealers. *Plaintiff's Exhibits to the Statement of Uncontested Facts*, ¶¶ 11, 13; *Defendant's Statement of Material Facts*, ¶ C. The slips include sales to the following dealers: American Municipals, D.E. Frey & Assoc., First Southern Securities, Josephtahl & Co., and Paragon

---

[1] There is a single exception: a confirmation slip shows a sale to one individual, George E. Halverson.

Securities.

Mr. Daniels admits that he purchased the securities at question from his broker, who worked for a company named RAF, which later changed its name to "American something." *Dep. of Francis V. Daniels*, Oct. 22, 2002, p. 29. Both parties also submit a cancelled check, purportedly for the purchase of the securities at question. The check is made out to "Correspondent Services Corp. (RAF)" and is endorsed by "Correspondent Services Corp.". *Plaintiff's Exhibits to the Statement of Uncontested Facts*, ¶ 1; *Defendant's Statement of Material Facts*, ¶ D.

Finally, I have the testimony of Rushton Rice, a principal with Blount. He states that Blount sold the securities at question to five broker/dealers and one individual and that Blount retained no financial interest in the securities once the sale to the dealers was complete. *Affidavit of Rushton Rice*, ¶¶ 3, 4. Frederick Simpler, Jr., an attorney who served as underwriters' counsel for Blount in connection with the securities at question, confirms that Blount sold the securities to the above-mentioned dealers and individual. *Affidavit of Frederick Simpler, Jr.*, ¶ 5. That evidence is unrefuted.

Mr. Daniels alleges that Blount could not have sold the securities to the dealers, because of a National Association of Securities Dealers ("NASD") rule. Blount is a member of NASD and is bound by its rules. NASD Rule 2740 states that in connection

with fixed price offerings, selling concessions, discounts or other allowances can be paid only to brokers or dealers actually engaged in the investment banking or securities business and only as consideration for services rendered in distribution. However, the NASD rules also exempt municipal securities from the term "fixed price offering". NASD Manual Rule 0120 (stating that the term "municipal securities" is used as defined in § 3(a)(29) of the Securities Act of 1933). That section, which has been codified as 15 U.S.C. § 78c(a)(29), defines "municipal securities" as

> securities which are direct obligations of, or obligations guaranteed as to principal or interest by, a State or any political subdivision thereof, or any agency or instrumentality of a State or any political subdivision thereof, or any municipal corporate instrumentality of one or more States, or any security which is an industrial development bond (as defined in section 103(c)(2) of Title 26) the interest on which is excludable from gross income under section 103(a)(1) of Title 26 if, by reason of the application of paragraph (4) or (6) of section 103(c) of Title 26 determined as if paragraphs (4)(A), (5), and (7) were not included in such section 103(c)), paragraph (1) of such section 103(c) does not apply to such security.

15 U.S.C. 78c(a)(29) (codifying Securities Act of 1933 section 3(a)(29)).[2] The Offering Memorandum for these bonds states that the bonds are obligations of Wood River. *Defendant's Statement of Material Facts*, ¶ A. Wood River is a city and a political

---

[2] Mr. Daniels' discussion of changes in securities law is misplaced. His allegation is that NASD rules, not federal securities law, prevented the sale of these bonds from Blount to the various dealers. Despite any changes in federal securities law, NASD continues to exempt municipal securities, as defined by the Securities Act of 1933, from the Rule Mr. Daniels cites.

5

subdivision of a state; the bonds fall into the definition of municipal securities. Therefore, the NASD Rule does not apply, and Blount was not prohibited from selling the bonds to the dealers.

In summary, there is no evidence that Blount was in privity with plaintiffs, nor that it had a financial interest in the ultimate sale of the securities to plaintiffs. Blount therefore is not a "seller" for the purposes of § 12(2). I grant Blount's motion for summary judgment with respect to Count I.

B.

In Count II, Mr. Daniels alleges that Blount has violated § 15 of the Securities Act of 1933, 15 U.S.C. § 77o. Liability under § 77o is predicated on control of an entity found liable under either 15 U.S.C. § 77k or §77l. 15 U.S.C. § 77o. As summary judgment has been granted on Count I, no liability under § 77o may attach. I grant Blount's motion for summary judgment with respect to Count II.

III.

As Mr. Daniels is unable to show that Blount is a "seller" for the purposes of § 12 of the Securities Act of 1933, I DENY his motion for summary judgment on Count I. For the same reason, I GRANT Blount's motion for summary judgment on Count I. As Mr. Daniels is unable to show the predicate liability required for purposes of § 15 of the Securities Act of 1933, I DENY his motion for summary judgment on Count II. For the same reason, I GRANT

Blount's motion for summary judgment on Count II.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

**Elaine E. Bucklo**
United States District Judge

Dated:  March 3, 2004